IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
| : | CIVIL ACTION |
| : | |
| Plaintiff, : | |
| v. : | No. 2:13-cv-05191-CMR |
| CHRISTOPHER M. PEDONE : | |
| : | |
| and : | |
| : | |
| HOWARD S. BEYER : | |
| : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS AND INCORPORATED BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 4(m), the Plaintiff AAMCO Transmissions, Inc. ("Plaintiff" or "ATI") respectfully moves this Court for an Order, in the form attached, to extend the time within which to effect service of process on the defendants. In support of its motion, ATI states:

1. This is an action brought by ATI against the two owners of a former AAMCO franchise in Merritt Island, Florida to collect sums due under their AAMCO franchise agreement, and to stop them from operating a competing automobile repair center at their formerly franchised location in breach of the post-termination covenant not to compete contained in their agreement.

2. ATI filed this action on September 5, 2013. Both before and since that time, ATI has taken steps to attempt to resolve this dispute without the need for litigation. On August 28, 2013, outside counsel sent a letter to the defendants demanding that they comply with their contractual obligations. After the Complaint was filed, Jason Gordon, an attorney with Gordon

& Cornell, in Cocoa Beach, Florida, contacted ATI's outside counsel and inquired about reaching a settlement of the dispute between the parties.

3. Mr. Gordon and counsel for ATI engaged in discussions over the next several weeks, which typically resulted in Mr. Gordon saying he would consult with his clients and get back to ATI, and then going silent for weeks. Nonetheless, it appeared that Mr. Gordon was seeking to resolve the dispute and ATI elected not to serve the defendants with process in order to let the settlement discussions proceed.

4. ATI's counsel sent Mr. Gordon a proposed structure for settling this dispute on October 31, 2013. Mr. Gordon responded that he would forward it to his client and get back to ATI's counsel. When ATI had not heard from Mr. Gordon, it contacted him on December 16, 2013. The next day, Mr. Gordon indicated that the defendant Christopher Pedone was not interested in a settlement as he would be filing for bankruptcy "early next year." He also indicated that he did not represent the other defendant, Howard Beyer. Mr. Gordon also agreed to accept service of process on behalf of Mr. Pedone.

5. On December 20, 2013, counsel for ATI sent the summonses and Complaint to Duces-Tecum Process Servers in Stuart, Florida with directions to serve Mr. Pedone through Mr. Gordon and to serve Mr. Beyer personally.

6. The process server was unable to locate Mr. Beyer at the address provided, which was the business address of Beyer's former AAMCO center. The process server was informed by an employee there that Beyer was the "former owner" and that he hadn't been to the center in some time. ATI has since located what it believes to be Mr. Beyer's home address but service has not yet been effected.

7.      The process server effected service on Mr. Pedone by serving Mr. Gordon. Service did not occur, however, until January 7, 2014; the process server has not explained the delay in serving Mr. Gordon.

8.      Rule 4(m) of the Federal Rule of Civil Procedure provides:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

9.      The 120 day period from the time of the filing of the Complaint expired on January 3, 2014.  Service was effected on neither defendant within that time.  ATI respectfully requests an Order extending the period of service on Mr. Pedone to and including January 7, 2014, which would make the service on him on that date timely, and extending the period of service on Mr. Beyer an additional 45 days.

10.     In *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995), the Third Circuit held that Rule 4 (m) "require[s] a court to extend time if good cause is shown and … allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Id*. at 1305.

11.     In this case, good cause exists to extend time.  The delay in service was occasioned by the good faith attempts by ATI to settle this matter without the Court's intervention.  Between late September and mid-December 2013, ATI was in touch with Mr. Gordon in efforts to settle this case.  It was ATI's belief that service of the summons and complaint was adversely affect its ability to resolve this matter, and that there would be ample time to effect service within the 120 day time limit.  ATI believed that Beyer would be at the

business address it had, and that service on Mr. Gordon as agent for Pedone would be done promptly.

12. ATI's efforts to effect service once settlement discussions were called off by Mr. Gordon were impeded by circumstances beyond its knowledge or control. First, Mr. Beyer could not be found at the business address at which he had always been contacted previously. We have no knowledge at this time whether Mr. Beyer truly does not work or appear the business being operated at that location, but we know that employees of that business told the process server that he did not. ATI anticipates being able to serve Mr. Beyer at the home address that ATI now has for him once the Court grants additional time. Second, Mr. Gordon agreed to accept service on behalf of Mr. Pedone on December 17, well within the 120 period, and ATI forthwith sent the summons and complaint to the process server. ATI has no explanation for why it took the process server over two weeks to effect service on a law office.

13. If the Court should find that good cause does not exist, it should still grant the extension of time. First, ATI is acting in good faith, and is raising this issue before a motion to dismiss has been filed or the Court has raised the issue on its own. Second, there is no prejudice to the defendants. No applicable statute of limitations has run, so the defendants would derive no benefit from the dismissal of the case, which would be without prejudice. Third, the reason for the delay was ATI's attempt to settle this case, and we respectfully suggest that the Court should not penalize ATI for having attempted to do that.

## **CONCLUSION**

For the reasons set forth herein, ATI respectfully requests that its motion to extend time

for service of process be granted.

Date: January 17, 2014                    /s/ William B. Jameson_____
                                          William B. Jameson
                                          Attorney ID. # 58949
                                          Attorney for Plaintiff
                                          AAMCO Transmissions, Inc.
                                          201 Gibraltar Road
                                          Horsham, Pennsylvania 19044
                                          (610) 668-2900

## Certificate of Service

    I hereby certify that, no defendants or counsel having entered appearances in this case, the foregoing has been served on counsel for the defendant Christopher M. Pedone by US Mail, postage prepaid, on this  17th  day of January 2014 at the following address:

Jason M Gordon, Esq.
Gordon & Cornell, Esqs.
257 North Orlando Avenue
Cocoa Beach, Florida 32931

                                                                                    /s/ William B. Jameson_____
                                                                                    William B. Jameson